United States District Court

District of Massachusetts

| | |
|---|---|
| Richard Cornell, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Brandon Lamboy et al., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 23-12405-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

On October 17, 2023, defendant WellPath, LLC ("Wellpath") removed the instant case to this Court pursuant to 28 U.S.C. § 1446(a). To remove an action pursuant to § 1446(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); see also Esposito v. Home Depot USA, Inc., 590 F.3d 72, 75 (1st Cir. 2009).

The state court record reflects that service of process was completed before removal on October 5, 2023, as to co-defendants Wellpath and the Massachusetts Department of Corrections ("DOC"). Thus, Wellpath was required to obtain the consent of DOC in order to remove the case.

-1-

DOC asserts that it neither joined nor consented to removal and Wellpath has not filed any opposition to the motions to remand. The consent of properly served co-defendants to removal must be "manifested clearly and unambiguously." Frankston v. Denniston, 376 F. Supp. 2d 35, 38 (D. Mass. 2005). Such is not the case here where DOC avers it has not consented to removal and there is no evidence that contradicts that assertion. Accordingly, the Court concludes that Wellpath failed to obtain the consent of all properly served co-defendants before removal and the case will therefore be remanded to the Massachusetts Superior Court for Suffolk County.

## ORDER

For the foregoing reasons, the motion of plaintiff Richard Cornell to remand (Docket No. 6) and the motion of defendant Department of Corrections of the Commonwealth of Massachusetts to remand (Docket No. 9) are **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: February 27, 2024